# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4745-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TYREEN H. WALKER, a/k/a
TYRENE WALKER,

    Defendant-Appellant.

_____

        Submitted July 3, 2018 — Decided August 14, 2018

        Before Judges O'Connor and Moynihan.

        On appeal from Superior Court of New Jersey,
        Law Division, Cumberland County, Indictment
        No. 10-12-0754.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Lee March Grayson, Designated
        Counsel, on the brief).

        Jennifer Webb-McRae, Cumberland County
        Prosecutor, attorney for respondent (Kim L.
        Barfield, Assistant Prosecutor, of counsel and
        on the brief).

PER CURIAM

Defendant Tyreen H. Walker appeals from the denial of his petition for post-conviction relief (PCR), arguing:

POINT I

THE PCR COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT DEFENSE COUNSEL IN THE TRIAL COURT FAILED TO ADEQUATELY EXPLAIN THE RAMIFICATIONS OF THE PLEA AGREEMENT, WHICH SUBJECTED HIM TO PAROLE SUPERVISION FOR LIFE.

POINT II

THE PCR COURT ERRED IN FINDING THAT THE IMPOSITION OF A SPECIAL SENTENCE OF PAROLE SUPERVISION FOR LIFE [PSL] ON THE DEFENDANT WAS NOT UNCONSTITUTIONAL.

We are unpersuaded by either argument and affirm.

Absent an evidentiary hearing, our review of the facts found and the factual inferences drawn by the PCR court from the record is de novo. State v. Blake, 444 N.J. Super. 285, 294 (App. Div.). Likewise, we review de novo the PCR court's legal conclusions. Ibid.

To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), by showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," Fritz,

2

105 N.J. at 52 (quoting <u>Strickland</u>, 466 U.S. at 687), and by proving he suffered prejudice due to counsel's deficient performance, <u>Strickland</u>, 466 U.S. at 687, 691-92. Defendant must show by a "reasonable probability" that the deficient performance affected the outcome. <u>Fritz</u>, 105 N.J. at 58. In cases such as this, following the entry of a guilty plea, defendant must establish there was a reasonable probability that, but for counsel's errors, he would have rejected the plea offer and gone to trial. <u>State v. DiFrisco</u>, 137 N.J. 434, 457 (1994); <u>see also</u> <u>State v. O'Donnell</u>, 435 N.J. Super. 351, 371 (App. Div. 2014) (holding a defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances" (quoting <u>Padilla v. Kentucky</u>, 559 U.S. 356, 372 (2010))).

During the plea colloquy the assistant prosecutor, in defendant's presence, recited the plea offer:

> It was in exchange for a [g]uilty [p]lea to [c]ount 1 of the [i]ndictment, as charged, second-degree sexual assault[, N.J.S.A. 2C:14-2(c)(4)].
>
> The State would recommend, I think, to a second-degree, but treating it as a third-degree for sentencing purposes. That we would recommend a four-year [s]tate [p]rison term, with Megan's Law, parole supervision for life,

and [an evaluation at the Adult Diagnostic and Treatment Center].[1]

Defense counsel confirmed that those were the accepted terms, adding, "I've spoken with [defendant]. He understands he has a right to a trial; but, he understands this to be in his best interest, and we are prepared to proceed at this point." Defendant later acknowledged under oath that the agreement was in his best interest.

Defendant was sworn and, after indicating he understood that he was waiving a plethora of rights individually recited by Judge Benjamin C. Telsey, admitted he had an opportunity to review the plea forms with his counsel; his counsel was available to answer any questions about the forms; the circled answers were defendant's truthful responses to the posed questions; and he signed and initialed the forms. The plea forms explain in detail, in five sub-questions, the ramifications of PSL; defendant answered yes to each question asking if he understood those details. After denying that he was under the influence of "any drugs, medication, alcohol, or anything else that would affect [his] ability to understand [what was] going on" during the plea, defendant stated he heard the terms of the recommended sentence that were placed

---

[1] The plea agreement provided that count two of the indictment charging second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1), would be dismissed.

on the record. He understood he was to receive a four-year "flat" sentence and repeatedly denied having any questions about the sentence.

Judge Telsey continued his thorough review of the plea terms, engaging defendant in the following PSL-related colloquy:

> THE COURT: Do you . . . understand that you'll be subject to parole supervision for life?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Which means that you'll be supervised by parole for at least 15 years, as if you were on parole?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And that could be very strict conditions as part of that supervision.
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand if you violate a condition of parole supervision for life, you could be -- your parole could be revoked and you could be sentenced to prison for 12 to 18 months for each revocation?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And, that if you violate a condition of parole supervision for life, and you're indicted and convicted, you could receive a sentence of up to 18 months?
>
> THE DEFENDANT: Yes.

Defendant's counsel, at the conclusion of the judge's questioning, asked defendant, "All the things the [j]udge just discussed with you, you and I went over in detail, did we not?"

Defendant answered, "Yes." Counsel continued, "You understand everything?" Defendant answered affirmatively and denied having any questions for counsel, confirming his answer to the same question in the plea form.

Defendant's ineffective assistance of counsel contentions that: he had significant cognitive deficiencies; he did not understand that he was pleading to a second-degree sexual assault, to be treated as a third-degree crime for purposes of sentencing — not third-degree endangering the welfare of a child; and his counsel did not explain the ramifications of PSL are belied by the record. Notwithstanding his contention that the Adult Diagnostic and Treatment Center's pre-sentence evaluation may corroborate that his cognitive difficulties impacted his ability to understand the plea agreement, he gave no indication he had any difficulty understanding the plea forms, Judge Telsey's questions, or the terms of the agreement, including PSL. Defendant's bald-faced assertions do not establish a prima facie case of ineffective assistance of counsel. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Nor do these assertions establish grounds for an evidentiary hearing which should be held only if a defendant presents "a prima facie case in support of post-conviction relief." R. 3:22-10(b); State v. Preciose, 129 N.J. 451, 462 (1992). In order to establish

6                                    A-4745-15T2

a prima facie case, defendant must demonstrate "the reasonable likelihood of succeeding under the test set forth in Strickland v. Washington, 466 U.S. 668, 694 (1984)." Preciose, 129 N.J. at 463. Merely raising a claim for post-conviction relief does not entitle a defendant to an evidentiary hearing. Cummings, 321 N.J. Super. at 170. Contradicting his prior sworn statements without explanation do not create a genuine issue of fact warranting an evidentiary hearing. Blake, 444 N.J. Super. at 299.

Post-conviction relief applications are not fishing expeditions. State v. Marshall, 148 N.J. 89, 270 (1997) (noting "that PCR 'is not a device for investigating possible claims, but a means for vindicating actual claims'" (quoting People v. Gonzales, 800 P.2d 1159, 1206 (Cal. 1990))). Defendant may not utilize an evidentiary hearing to explore his bald-faced PCR claims. See id. at 157-58.

The record supports Judge Telsey's finding at the conclusion of the plea hearing that defendant answered the questions on the plea form after reviewing same with his counsel and voluntarily entered into the plea agreement with full understanding of the sentence and the PSL requirements.

We further determine there is no reasonable probability that, but for counsel's errors, defendant would have rejected the plea offer and gone to trial. He freely admitted he had sexual

intercourse with a fifteen year-old when he was nineteen, a second-degree crime for which defendant faced a maximum ten-year State prison term. Inasmuch as defendant's belief that the victim was eighteen was not a viable defense, N.J.S.A. 2C:14-5(c),[2] it is not reasonably probable that he would have rejected a four-year sentence and gone to trial. As we noted, he admitted the agreement was in his best interest.

Judge Robert G. Malestein correctly denied defendant's petition.

We determine defendant's argument that PSL "is an unconstitutional violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and due process and fundamental fairness doctrine inherent in the New Jersey Constitution," equating PSL with a continued "custodial sentence, despite having been granted the benefit of parole" to be without sufficient merit to warrant discussion in this written opinion. R. 2:11-3(e)(2). We add only the following observations.

Defendant argues: "By treating all PSL infractions as parole violations instead of crimes, which must be proven beyond a reasonable doubt, . . . he is being denied due process . . . and

_____

[2] The statute provides: "It shall be no defense to a prosecution for a crime under this chapter that the actor believed the victim to be above the age stated for the offense, even if such a mistaken belief was reasonable."

. . . the fundamental fairness doctrine has been violated"; and "[t]he loss of liberty resulting from a parole revocation has been construed 'as a serious deprivation that requires due process.'" We agree with Judge Malestein's well-written opinion that those issues are not ripe for constitutional review because defendant has not been charged with a PSL violation. We also note a defendant charged with a criminal offense for violating a PSL condition, N.J.S.A. 2C:43-6.4(d), enjoys the full panoply of rights afforded any person accused of a crime. Further, a defendant subject to parole revocation is entitled to the rights mandated by N.J.S.A. 30:4-123.62 and -123.63, which include a hearing. N.J.S.A. 2C:43-6.4(b). And contrary to defendant's averment that the prospect of release from PSL "has been virtually eliminated," N.J.S.A. 2C:43-6.4(c) — as he recognized in his merits brief — provides a pathway for eventual release from PSL supervision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION